**DAN DAN WU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–2125–ag.**

United States Court of Appeals, Second Circuit.

Sept. 30, 2008.

---

he were credible, he had not established eligibility for deferral of deportation under the CAT.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**662**

---

Tina Howe, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, Sarah Maloney, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Dan Dan Wu, a native and citizen of the People's Republic of China, seeks review of an April 30, 2007 order of the BIA affirming the December 2, 2005 decision of Immigration Judge ("IJ") Michael W. Straus denying Wu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dan Dan Wu*, No. A79 774 668 (B.I.A. Apr. 30, 2007), *aff'g* No. A79 774 668 (Immig. Ct. Hartford Dec. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Wu failed to challenge the IJ's denial of her CAT claim in her appeal to the BIA, we are without jurisdiction to consider Wu's arguments concerning the denial of that relief. 8 U.S.C. § 1252(d)(1); *see Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006). We dismiss the petition for review to that extent.

Additionally, because Wu has failed to argue before this Court that the IJ erred in finding, even assuming her credibility, that she did not demonstrate past persecution, Wu has waived any such argument. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Thus, we proceed to consider Wu's challenge to the agency's adverse credibility determination.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008).

To the extent Wu challenges the IJ's adverse credibility determination, that determination was supported by substantial evidence. The IJ drew an adverse inference as to Wu's credibility after observing her demeanor, noting "hesitancy" in her testimony concerning central elements of her claim. Such Assessments command

particular deference. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005).

The IJ also found that Wu testified inconsistently with her father's letter regarding her motive for coming to the United States, and that her father's letter omitted any reference to police efforts to arrest Wu at his home. Wu offered explanations for these discrepancies, but no reasonable fact-finder would be compelled to credit them. *See id.* at 80–81. Moreover, these discrepancies are substantial when measured against the record as a whole because they undermine Wu's claim that she fled China because the police wanted to arrest her. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003).

The IJ further found that Wu's testimony was inconsistent with her documentary evidence regarding whether she returned to her church in China after a 1999 incident where she narrowly escaped arrest. Specifically, Wu testified that she hid at her uncle's house until she left for the United States and never went to church in China again. However, two photos Wu submitted purportedly depict her receiving a blessing at her church in China in April 2001. Wu's claim that she forgot about this incident is insufficiently compelling to lead us to disturb the IJ's finding. *See Majidi,* 430 F.3d at 80–81.

While the IJ offered further support for his credibility determination, the findings discussed above constitute substantial evidence for the overall determination. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *see also Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 107 (2d Cir.2006).

---

2. We note that because the IJ disbelieved Wu's claim of past persecution but credited her claim that she was a practicing Catholic, she had a potential withholding of removal claim independent of the IJ's credibility determination. *See Paul,* 444 F.3d at 154–55. However, Wu made no such argument, either before the BIA or this Court.

Because Wu challenges only the IJ's credibility determination, that determination necessarily precludes success on her claim for withholding of removal.[2] *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. The pending motion for a stay of removal in this petition is DISMISSED as moot.